UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH J. MARTIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:22-cv-00213-HEA |
| DEPARTMENT OF VETERANS AFFAIRS, | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file following transfer from the United States Court of Appeals for the Federal Circuit. For the following reasons, the Court will order plaintiff to file an amended complaint on this Court's employment discrimination complaint form.

**Background**

Plaintiff originally filed this case in the United States Court of Appeals for the Federal Circuit, seeking judicial review of the decision of the Merit Systems Protection Board ("MSPB"). Plaintiff, a GS-0905-14 attorney with the agency's national torts law group, working from home in St. Louis, Missouri, had been fired for unacceptable performance under the authority of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017. Plaintiff brought claims against the agency for employment discrimination and retaliation. After an evidentiary hearing, the MSPB denied plaintiff's claims.

Judicial review of decisions of the MSPB is provided for by 5 U.S.C. § 7703. Generally, the Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals of Board determinations. *See* 5 U.S.C. § 7703(b)(1). In cases where certain discrimination claims are presented before the MSPB, however, a plaintiff may seek review in the U.S. District Court. *See* 5 U.S.C. § 7703(b)(2). In "mixed cases" such as the instant case, the district court has jurisdiction to review both the discrimination and non-discrimination claims. *Kelliher v. Veneman*, 313 F.3d 1270, 1274 (11th Cir. 2002). Additionally, in mixed cases, "the adverse agency action is reviewed on the administrative record, while the discrimination claim is reviewed de novo." *Crawford v. Runyon*, 37 F.3d 1338, 1340 (8th Cir. 1994); *Mason v. Frank*, 32 F.3d 315, 317 (8th Cir. 1994) ("The district court reviews the discrimination claim de novo and the nondiscrimination claim on the administrative record under 5 U.S.C. § 7703(c).").

**The Complaint**

Prior to transfer to this Court, plaintiff had drafted her complaint on a form pleading used by the United States Court of Appeals for the Federal Circuit. *See* ECF No. 5 ("Informal Brief of Petitioner/Appellant"). The Court will order plaintiff to file an amended complaint on this Court's employment discrimination complaint form. Plaintiff has thirty days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

Additionally, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and

every one of the claims she wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*.

If plaintiff fails to file an amended complaint on the Court's form within thirty days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's employment discrimination complaint form (MOED-0035).

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Dated this 7th day of July, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE